OPINION
This appeal is taken from a final judgment of the Portage County Court of Common Pleas. Appellant, the State of Ohio, appeals from the trial court's dismissal of sexual predator proceedings that were pending against appellee, Trent Long.
On March 30, 1992, appellee pled guilty to one count of felonious assault in violation of R.C. 2903.11 and one count of child endangering in violation of R.C. 2919.22. Thereafter, on May 21, 1992, the trial court sentenced appellee to serve an indefinite term of eight to fifteen years in prison for the felonious assault conviction and an indefinite term of five to fifteen years imprisonment on the charge of child endangering. The trial court ordered the sentences to run concurrently.
In 1997, the Ohio Department of Rehabilitation and Correction recommended that the trial court schedule a hearing to determine whether appellee was a sexual predator pursuant to R.C. Chapter 2950. The trial court appointed counsel to represent appellee and scheduled the matter for a hearing on March 10, 1997 in order to determine appellee's status as a sexual predator.
On April 7, 1997, appellee filed a motion to dismiss the recommendation of the Department of Rehabilitation and Correction that he be declared a sexual predator. In a judgment entry dated May 1, 1997, the trial court granted appellee's motion to dismiss the sexual predator proceedings pending against him. The trial court did so based on its conclusion that the application of R.C. Chapter 2950 to sex offenders who were convicted and sentenced prior to January 1, 1997 violated the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution.
From this judgment, appellant timely appealed to this court. It now asserts the following assignments of error:
 "[1.] The trial court erred in dismissing the recommendation of the Ohio Department of Corrections that the defendant be adjudicated a sexual predator because the issue of the constitutionality of R.C. 2950 et seq. was not properly before the court.
 "[2.] The trial court erred to the prejudice of the appellant in determining, as a matter of law, that R.C. 2050 [sic] et seq. is unconstitutional as applied to defendants convicted and sentenced for a sexually oriented offense, as defined in R.C. 2950.01(D), prior to January 1, 1997."
In its first assignment of error, appellant posits that the trial court erred by dismissing the recommendation of the Department of Rehabilitation and Correction to adjudicate appellee a sexual predator. Appellant maintains that the issue of the constitutionality of R.C. Chapter 2950 was not properly before the trial court. Pursuant to this court's decision in State v. Reese
(Feb. 12, 1999), Portage App. No. 97-P-0048, unreported, the first assignment of error is without merit.
In its second assignment of error, appellant contends that the trial court erred by ruling that R.C. Chapter 2950 was unconstitutional as applied to sex offenders who were convicted and sentenced prior to January 1, 1997. In State v. Williams
(Jan. 29, 1999), Lake App. No. 97-L-191, unreported, a majority of this court held that R.C. Chapter 2950 was unconstitutional as applied to sexual predators under Section 1, Article I of the Ohio Constitution. Although this writer interposed a dissent to the majority's mandate in Williams, it is nevertheless clear that the decision controls the outcome of the instant appeal. Hence, I defer to the present controlling authority in this appellate district. The second assignment of error is not well-taken pursuant to Williams.
Based on the foregoing analysis, appellant's assignments of error are without merit. Accordingly, the judgment of the trial court is affirmed. ___________________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J.,
O'NEILL, J., concur.